# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant. | Civil Action No. 1:18-cv-00043 (TJK) |

## **ANSWER**

Defendant United States Department of Homeland Security ("DHS" or "defendant"), through its undersigned counsel, hereby answers the Complaint (ECF No. 1) ("Complaint") filed by plaintiff Electronic Privacy Information Center ("EPIC" or "plaintiff") on January 8, 2018, as follows, in correspondingly numbered paragraphs:

　　　　1.　　This paragraph sets forth plaintiff's characterization of this action, to which no response is required.

　　　　2.　　This paragraph sets forth plaintiff's characterization and summary of this action, to which no response is required.

　　　　3.　　This paragraph sets forth plaintiff's conclusions of law regarding jurisdiction, to which no response is required.

4. This paragraph sets forth plaintiff's conclusions of law regarding venue, to which no response is required.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Admitted.

7. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   To the extent a response is required, these allegations purport to summarize or characterize an Executive Order and a media report. Defendant respectfully refers the Court to the cited documents for a full and accurate statement of their contents.

8. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   To the extent a response is required, with respect to the first sentence of the paragraph, defendant respectfully refers the Court to the cited letter for a full and accurate statement of its contents.   The remainder of the paragraph purports to summarize or characterize the contents of the cited letter.   Defendant respectfully refers the Court to the cited letter for a full and accurate statement of its contents.

9. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   To the extent a response is required, defendant respectfully refers the Court to the cited court docket and documents for a full and accurate statement of their contents.

10. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   To the extent a response is required,

defendant respectfully refers the Court to the cited media report for a full and accurate statement of its contents.

11. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize portions of a meeting of the former Presidential Advisory Commission on Election Integrity ("Commission"). Defendant respectfully refers the Court to the cited meeting notice and video of the July 19, 2017, meeting for a full and accurate statement of their contents.

12. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, defendant denies the allegations.

13. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, defendant respectfully refers to the Court to the cited Executive Order and White House Press Statement for a full and accurate statement of their contents.

14. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize a media report. Defendant respectfully refers the Court to the cited media report for a full and accurate statement of its contents.

15. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these

allegations purport to summarize or characterize a media report.   Defendant respectfully refers the Court to the cited media report for a full and accurate statement of its contents.

16.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   To the extent a response is required, with respect to the first sentence of the paragraph, these allegations purport to summarize a document index submitted in *Lawyers Committee for Civil Rights Under Law v. Presidential Advisory Commission on Election Integrity*, No. 17-cv-1354 (D.D.C. Sept. 29, 2017), ECF No. 33-3. Defendant respectfully refers the Court to the cited document index for a full and accurate statement of its contents.   Defendant denies the remaining portions of this paragraph.

17.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   To the extent a response is required, these allegations purport to summarize or characterize a January 8, 2018, letter plaintiff and ten other organizations sent to Secretary Kristjen M. Nielson.   Defendant respectfully refers the Court to the cited letter for a full and accurate statement of its contents.

18.     This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

19.     Admitted.

20.     Admitted.   Defendant respectfully refers the Court to the FOIA request dated September 11, 2017, for a full and accurate statement of its contents.

21.     Admitted.   Defendant respectfully refers the Court to the FOIA request dated September 11, 2017, for a full and accurate statement of its contents.

22. Admitted. Defendant respectfully refers the Court to the FOIA request dated September 11, 2017, for a full and accurate statement of its contents.

23. Admitted. Defendant respectfully refers the Court to the cited correspondence for a full and accurate statement of its contents.

24. Admitted. Defendant respectfully refers the Court to plaintiff's revised FOIA request dated October 2, 2017 for a full and accurate statement of its contents.

25. Admitted. Defendant respectfully refers the Court to the cited email correspondence for a full and accurate statement of its contents.

26. Admitted. Defendant respectfully refers the Court to the cited correspondence for a full and accurate statement of its contents.

27. Admitted. Defendant respectfully refers the Court to the cited email for a full and accurate statement of its contents.

28. Admitted. Defendant respectfully refers the Court to the cited correspondence for a full and accurate statement of its contents.

29. Admitted. Defendant respectfully refers the Court to the cited email for a full and accurate statement of its contents.

30. Defendant admits that the FOIA request at issue in this case was received on September 11, 2017.

31. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

32. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

33. Defendant incorporates by reference its answers to all of the preceding paragraphs.

34. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

35. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

36. Defendant incorporates by reference its answers to all of the preceding paragraphs.

37. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

38. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

39. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

The remaining paragraphs of the Complaint contain plaintiff's requested relief, to which no response is required. To the extent a response is required, defendant denies the allegations contained in the remaining paragraphs of the Complaint and further avers that plaintiff is not entitled to any relief.

Defendant hereby denies all allegations in the Complaint not expressly admitted or denied.

**DEFENSES**

1.	Defendant has exercised due diligence in processing plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for defendant to complete the processing of plaintiff's FOIA request.  *See* 5 U.S.C. § 552(a)(6)(c).

2.	Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

WHEREFORE, having fully answered the Complaint, defendant asserts that plaintiff is not entitled to the relief requested and respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may deem appropriate.

Dated: February 15, 2018	Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Kristina A. Wolfe*
CAROL FEDERIGHI
Senior Trial Counsel
KRISTINA A. WOLFE
JOSEPH E. BORSON
Trial Attorneys, U. S. Dept. of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C. 20530
Tel.    (202) 353-4519
Kristina.Wolfe@usdoj.gov

*Attorneys for Defendant*